**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BRANDON LAMONT SCOTT, ) | |
| ID # 1709405, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-1906-D (BH) |
| ) | |
| BRAD LIVINGSTON, Executive Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition should be denied with prejudice as barred by limitations.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Brad Livingston, Executive Director of the TDCJ.[1]

On April 12, 2011, petitioner pled guilty to three charges of aggravated assault with a deadly weapon in Cause Nos. F10-31216, F10-56746, and F10-73100, in the 282nd Judicial District Court in Dallas County, Texas, and was sentenced to forty years' imprisonment in each case. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for petitioner). He did not appeal his convictions. (Pet. at 3). He filed his state applications for writ of habeas corpus challenging these three convictions on March 30, 2012. (State Habeas Applications [W10-31216-A, W10-56746-A, W10-

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner is currently incarcerated in the Correctional Institutions Division of the TDCJ, its director has custody of him. Director Rick Thaler should be substituted as respondent.

73100-A] at 11-12).[2] On August 1, 2012, the Court of Criminal Appeals denied the applications without a written order based on the findings of the trial court. *See Ex parte Scott*, Nos. WR-77,941-01, WR-77,941-02, WR-77,941-03 (Tex. Crim. App. Aug. 1, 2012). Petitioner filed his federal petition on May 7, 2013.

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him

---

[2] Petitioner claims that he filed his state writs on April 23, 2012. (Pet. at 4). Recent case law provides that state writs are deemed filed when they are deposited in the prison mail system. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). His state writs are therefore deemed filed on the date he signed them, March 30, 2012.

from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date petitioner's conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner concedes that he did not file a direct appeal of his conviction. (Pet. at 3). His state conviction therefore became final for purposes of § 2244(d) at the expiration of the thirty-day time frame for seeking direct review of his conviction, on May 12, 2011. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); TEX. R. APP. PROC. 26.2(a)(1). The facts supporting his claims became known or could have become known prior to this date.[3] Because petitioner filed his federal petition more than one year after his conviction became final on May 12, 2011, his May 7, 2013 filing is untimely.[4]

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner filed his state writs on March 30, 2012, after 323 days had elapsed from when the one-year limitations period began, on May 13, 2011. The one-year limitations period was tolled until August 1, 2012, when his state writs were denied by the Court of Criminal Appeals.

---

[3] In his federal petition, petitioner asserts that his rights were violated and that his trial counsel was ineffective for failing to file a direct appeal within the thirty days time period. (Pet. at 6-7). Petitioner was aware of the facts supporting these claims when his conviction became final on May 12, 2011, and no direct appeal was filed.

[4] The Fifth Circuit has held that prisoners file federal pleadings when they are placed in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

3

The one-year limitations period began to run again on August 2, 2012, and another 279 days elapsed before petitioner filed his federal petition on May 7, 2013. Accordingly, the one-year statute of limitations elapsed in September of 2012, and the statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he was prevented from filing either his state wit application or his federal petition earlier. Petitioner waited almost an entire year before filing his state writs. After they were denied, he waited another nine months before filing his federal petition. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations because he has pursued his rights diligently and some extraordinary circumstance prevented a timely filing, and his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 22nd day of May, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE